

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCOS ORTIZ, PRO SE, | § | |
| A.K.A. MARCOS LOPEZ ORTIZ, | § | |
| TDCJ-CID # 1049113, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0172 |
| | § | |
| N. QUARTERMAN, M. SIZEMORE, and | § | |
| NORTHWEST TEXAS HOSPITAL, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION TO DISMISS

Plaintiff MARCOS ORTIZ, also known as MARCOS LOPEZ ORTIZ, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that he is in imminent danger of serious physical injury because defendant SIZEMORE transferred him to the Clements Unit knowing it was a dangerous unit and did so for the purpose of harming plaintiff. Plaintiff claims defendant QUARTERMAN knows the Clements Unit is dangerous and fails to provide a safe place of incarceration for inmates, including plaintiff. Plaintiff complains he received deliberate indifference to his serious medical needs when he was taken to defendant NORTHWEST TEXAS HOSPITAL for treatment following an assault by another inmate while plaintiff was protecting a prison guard.

On April 26, 1996, the Prison Litigation Reform Act of 1995 (PLRA) was signed into law, modifying the requirements for proceeding in forma pauperis in federal courts. Under the PLRA's "three strikes" provision, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in 18 U.S.C. § 1915(g).

The Fifth Circuit has examined the PLRA and construed it to apply to all cases pending at the time of its passage, as well as those filed afterwards. *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Id*.

The Court notes that plaintiff ORTIZ has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. For purposes of this analysis, the Court notes that Mandate issued by the United States Court of Appeals for the Fifth Circuit on July 12, 2004 dismissing Cause No. 04-20186 as frivolous; Cause No. 3:02-CV-0361 was dismissed by the United States District Court for the Southern District of Texas, Galveston Division on March 30, 2004 as frivolous; and Mandate issued by the United States Court of Appeals for the Fifth Circuit on August 18, 2004 dismissing Cause No. 04-40456, plaintiff's appeal of 3:02-CV-0361, as frivolous. At the time of dismissal of Cause No. 04-40456, the Court of Appeals informed plaintiff he was barred from proceeding in forma pauepris in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

Pursuant to Title 28, United States Code, 1915(g), the Magistrate Judge FINDS plaintiff MARCOS ORTIZ, also known as MARCOS LOPEZ ORTIZ, may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g).  Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception.  Accepting as true, plaintiff's assertion that he was attacked while protecting an unconscious guard from further injury, this admirable deed does not overcome the bar against a grant of pauper status to him.  Further, plaintiff's generalized allegation that the Clements Unit is more dangerous than other TDCJ units is conclusory, and is also inadequate to overcome the bar.  Plaintiff's claims against defendant QUARTERMAN and defendant SIZEMORE, neither of whom are present at the Clements Unit, do not show they placed him in imminent danger of serious physical injury.  Further, plaintiff's allegation that he did not receive adequate treatment at defendant NORTHWEST TEXAS HOSPITAL supports, at best, a claim of negligence.  At the time of filing, plaintiff's chief complaint concerning his medical condition was that he had not received any medication for the pain from his head, neck, shoulder, and back injuries.  These allegations do not establish plaintiff was in imminent danger of serious physical injury at the time of filing.  Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit.  *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

Plaintiff has previously utilized his three "strikes" under the PLRA and is barred from proceeding in forma pauperis in any new civil proceeding filed in federal court while a prisoner.  By the instant complaint, plaintiff has not alleged facts falling within the exception defined by Title 28, United States Code, section 1915(g).

Because plaintiff has already sustained the "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing fee.

IT IS SO RECOMMENDED.

Permission to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

Plaintiff is advised that if he pays the $350.00 filing fee within <u>fourteen (14) days after the filing date hereof</u>, this Report and Recommendation of dismissal will be withdrawn.

IT IS SO ORDERED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

ENTERED this 23rd day of October 2008.

*/s/ Clinton E. Averitte*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).